UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CRAYTONIA BADGER** | **CIVIL ACTION NO. 19-0986** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **3RD JUDICIAL DISTRICT COURT** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Petitioner Craytonia Badger, a prisoner in East Arkansas Correctional Unit proceeding pro se, filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on approximately July 23, 2019. [doc. # 1]. For reasons below, the Court should dismiss Petitioner's Petition as moot.

### Background

Petitioner maintains that he was charged, before the Third Judicial District Court, Union Parish, "in a felony information in 2014 for burglary" and that a detainer was placed on him. *Id.* at 7. He filed several motions for a speedy trial, to no avail. *Id.* He allegedly pursued relief before the Third Judicial District Court of Union Parish, the Louisiana Second Circuit Court of Appeal, and the Supreme Court of Louisiana. *Id.* at 2, 3, 7.

Petitioner seeks "some sort of trial or disposition . . . ." *Id.* at 7. He references state-court docket numbers 52577, 52584, and 52585. *Id.* at 2.

### Law and Analysis

Respondent, the Third Judicial District Court, seeks to dismiss Petitioner's Petition as moot, informing the Court that the State dismissed the charges against Petitioner in docket numbers 52577, 52584, and 52585. [doc. # 13]. Respondent, the District Attorney for the Third

Judicial District, Parish of Union, also seeks to dismiss this Petition as moot, contending that, "since the filing of the Petition, all charges against Petitioner have been dismissed and any and all holds and/or detainers that Union Parish had on Petitioner have been released." [doc. # 14, p. 3].

Petitioner did not file a response and, therefore, does not dispute that the State dismissed all the charges for which he seeks a speedy trial.

Considering that Petitioner seeks a speedy "trial or disposition" and that the State disposed of Petitioner's charges, there is no reason to conduct (or accelerate) a trial. The relief Petitioner seeks is, in other words, unavailable. Thus, Petitioner's Petition is moot.[1] See *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

## Recommendation

Accordingly, **IT IS RECOMMENDED** that Petitioner Craytonia Badger's Petition be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

---

[1] Petitioner does not allege or suggest that there is a reasonable, demonstrable probability that the State will charge him again for the same alleged crimes. See *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 18th day of February, 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE